FINNEGAN | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

**VIRGINIA L. CARRON**
404.653.6452
virginia.carron@finnegan.com

November 21, 2025

Hon. Jarrett B. Perlow
Circuit Court Executive and Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

**VIA CM/ECF**

Re: *Fuente Marketing Ltd. v. Vaporous Technologies, LLC*, No. 2024-1460
Citation of Supplemental Authority Pursuant to Fed. R. App. P. 28(j)

Dear Mr. Perlow,

Fuente respectfully advises the Court of the recent decision *Sunkist Growers, Inc. v. Intrastate Distributors, Inc.*, where the Court reversed a Board decision finding no likelihood of confusion between SUNKIST and KIST based largely on its conclusion that the marks have different commercial impressions. 144 F.4th 1376, 1378 (Fed. Cir. 2025). The Board found that, while SUNKIST conveyed the sun, KIST was marketed to evoke a "kiss." *Id.* The Court rejected the Board's finding that the marks were dissimilar, finding no substantial evidence that KIST was marketed to reference a kiss, where the Board had relied on a single image of lips in a presentation shown only to distributors and retailers and identified no evidence of the lips "on marketing materials actually shown to consumers." *Id.* at 1379-80. In view of the Board's error, the Court weighed the *DuPont* factors *de novo* and concluded that confusion was likely. *Id.* at 1381.

The Board committed the same error here. When evaluating the similarity-of-marks factor, the Board concluded that X and  are dissimilar based solely on its finding that *consumers* will perceive Vaporous's mark as a stick figure. Appx43-46. This finding, like Board's finding in *Sunkist*, is unsupported by substantial evidence. The Board relied principally on a stipulation that merely quotes the mark description in Vaporous's application. Appx44; Appx48; Appx133. But a party's description of its mark, stipulated to or not, is not determinative of how consumers will perceive the mark. This principle is critical here because, while Vaporous's application describes its mark as a "*abstract* stick figure," there is no evidence that Vaporous conveys to consumers (or that consumers perceive) that the mark is anything more than an X with a circle or dot over it. Instead, the record evidence—overlooked by the Board—shows that X and  convey confusingly similar commercial impressions. *See* Fuente Reply Br., 7-9. The Board's contrary finding is unsupported by substantial evidence, and *Sunkist* further confirms the Board's error.

271 17th STREET, NW | SUITE 1400 | ATLANTA, GA 30363-6209
PHONE: +1 404 653 6400 | FAX: +1 404 653 6444

Respectfully submitted,

/s/ Virginia L. Carron

Virginia L. Carron

cc: Counsel of Record (via ECF)